**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| GUSTAVO MORALES-MORALES, AKA Mario Morales-Morales,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | No. 15-70134<br><br>Agency No.<br>A088-635-878<br><br><br>MEMORANDUM* |

On Petition for Review of an
Order of the Board of Immigration Appeals

Submitted May 8, 2018**
Seattle Washington

Before: GOULD, IKUTA, Circuit Judges, and FREUDENTHAL,*** Chief District Judge

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Nancy D. Freudenthal, Chief United States District Judge for the District of Wyoming, sitting by designation.

Gustavo Morales-Morales ("Morales"), a native and citizen of Mexico, petitions for review of a final order by the Board of Immigration Appeals ("BIA") denying his application for protection under Article III of the Convention Against Torture ("CAT"). Morales fears future torture from the cartels whom he contends will attempt to recruit him anywhere he goes in Mexico because he was deported from the United States following a drug conviction, and that the Mexican police will acquiesce in his torture. As the parties are familiar with the facts, we do not recount them here. We deny the petition.

Because the BIA issued a written opinion, we review that opinion. *See Morgan v. Mukasey*, 529 F.3d 1202, 1206 (9th Cir. 2008). But, insofar as the BIA relied on the opinion of the Immigration Judge ("IJ") as a statement of reasons, we look to the IJ's decision "as a guide to what lay behind the BIA's conclusion." *Kozulin v. I.N.S.*, 218 F.3d 1112, 1115 (9th Cir. 2000). We review the BIA's decision for substantial evidence. *See I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 481 (1992).

Substantial evidence supports the BIA's conclusion that Morales failed to establish it was more likely than not that he would be tortured with government acquiescence if he returned to Mexico because he had not suffered past torture from the cartels, and there was no evidence the police were aware of the cartel's

2

recruitment threats. Further, substantial evidence supports the conclusion that Morales did not establish that internal relocation in Mexico was unreasonable.

Morales argues *Cole v. Holder*, 659 F.3d 762, 775 (9th Cir. 2011) requires reversal as the BIA and IJ did not assess his risk of torture in the aggregate. However, the supposition that Morales would be recruited, tortured on refusal, and the police would acquiesce are not each risks of torture. The only risk of torture Morales fears is from the cartel, which the IJ adequately addressed. Finally, Morales argues error in failing to assess whether the Mexican government has been effective in efforts to protect victims of drug-related violence. The BIA considered the background documents in the record and the IJ's assessment of those documents; the evidence in the record does not compel a contrary result. *See Elias–Zacarias*, 502 U.S. at 481 & n.1; *Singh v. Ashcroft*, 367 F.3d 1139, 1143 (9th Cir. 2004).

**PETITION DENIED.**